Miller *v.* Harris.

GEORGE B. MILLER *et al. v.* ALLEN HARRIS *et al.*

1. CHANCERY PRACTICE. *Multifariousness. What is.* A bill is multifarious when several matters of a distinct nature are complained of against divers defendants, or a bill that unites against a single defendant several distinct matters; the court must look to the circumstances of each case to avoid multiplicity of suits on the one hand, and inconvenience to defendant and confusion of evidence on the other.

2. PARTNERSHIP. *Statute of six years does not run against partner. When.* No right of action for an account accrues to a retiring partner that can be " effectually prosecuted," until the liquidating partners, having possession of the assets, have settled the debts of the partnership; the statute of six years, in such case, does not run against the retiring partner.

---

FROM DYER.

---

Appeal from the Chancery Court. JOHN SOMERS, Chancellor.

LATTA & MARSHALL for complainants.

RICHARDSON, ANDREWS & WATKINS for defendants.

SNEED, J., delivered the opinion of the court.

The Chancellor's decree, disallowing the demurrer to the amended bill, was correct, and must be affirmed.

1. The bill is not multifarious. A bill is multifarious when several matters of a distinct and independent nature are complained of against divers defendants, or where one bill unites against a single defendant several matters perfectly distinct and unconnected. The latter is more properly called misjoinder.

On a question of multifariousness, the court must look to the circumstances of each case, to avoid on the one hand multiplicity of suits, and on the other, inconvenience and hardship to defendants, in being called upon to defend as to matters that have no connection, and to avoid complication and confusion of evidence. Story Eq. Pl., §§ 274, 530; 2 Gray, 471; 3 Stor. C. C., 25. The bill seeks a settlement of several commercial partnerships, of which the complainants and defendants were members, the whole of which may be well settled under one litigation, rather than by a multiplicity of suits. It is certainly to the interest of all parties that one litigation should settle the whole matter, and the interests and business of the several firms would in such a case be so intermixed and blended, that they could not be so satisfactorily settled in several suits, as in a single litigation.

2. The remedy of the complainant, George B. Miller, was not barred by the lapse of six years from the date of his retirement to the time of the filing the bill. He was for many purposes still a partner, and as the assets of the firm became, on his retirement, a trust fund for the payment of partnership debts, his right of action for an account did not accrue until after the firm debts were discharged. The bill shows that the firms were largely in debt. The retiring partner was, as to the assets of the firm, a tenant in common with the remaining members of the firm—and equity would fix upon them a relation of trust in favor of the retiring party, which would under such a defense, to say the least of it, be no favorite with a

court of equity. It is sufficient to say, however, that no right of action for an account accrued to the retiring partner that could be " effectually prosecuted," until the liquidating partners, having possession of the assets, had settled the debts of the partnership. Story Part., § 326; Chitty Cont., 288; 3 Kent Comm., 57; 17 Pick., 519.

Affirm the decree and remand the cause.